DIXON, JUDGE:
Kit Prescott, pro se , appeals the Hardin Circuit Court's order entered May 2, 2016, denying his motions to recuse, to vacate his sentence pursuant to RCr[1] 11.42, and to hold an evidentiary hearing on the same. After careful review of the record, briefs, and applicable law, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On November 17, 2011, Prescott was found guilty following a six-day trial by jury of one count first-degree possession of a controlled substance,[2] three counts first-degree trafficking in a controlled substance,[3] and being a persistent felony offender in the first degree ("PFO I").[4] The jury recommended Prescott be sentenced to three years' imprisonment for the possession charge and ten years' imprisonment for each trafficking charge, said sentences *917 to run concurrently. Sentencing was deferred until after a hearing on January 17, 2012. Subsequently, the trial court imposed the jury's recommended sentence against Prescott. On February 6, 2012, an amended order of judgment and order imposing sentence was entered by the trial court. Prescott appealed. On February 28, 2014, in an unpublished opinion, another panel of our court affirmed the trial court's order in part, vacating only the portion of the order imposing court costs on Prescott without ascertaining whether he is a poor person or his ability to pay.
On October 8, 2015, Prescott moved the court to recuse, to vacate its order pursuant to RCr 11.42 based on collateral claims of ineffective assistance of trial and appellate counsel, and for an evidentiary hearing. On April 28, 2016, the trial court entered its order denying these motions. This appeal followed.
This appeal is, at least in part, an attempt to recycle arguments that have previously failed. As such, we quote the basic facts and summary of issues previously reviewed by the prior panel of our court in Prescott v. Commonwealth , No. 2012-CA-000190-MR, 2014 WL 813109, at *1 (Ky. App. Feb. 28, 2014).
In 2010, Army investigators of the Civil Investigation Command (CID) learned that Private Stephen Percival had been purchasing cocaine and firearms in Radcliffe, Kentucky. They contacted Detective Rex Allaman of the Hardin County Sheriff's Department and began a coordinated investigation. The two investigative units set up controlled buys using Percival as a confidential informant. They equipped Percival with an audio and video recording device. On three occasions in 2010, he entered the apartment of a drug dealer he knew as Six and purchased a quantity of powder cocaine. During the last transaction, Percival and Six also discussed the possibility that Six would sell firearms to Percival or others, but the sale was never executed.
Six was later identified as the defendant, Kit Prescott. Prescott denies that he is Six or that he is guilty of the offenses for which he was convicted.
On the basis of the controlled buys, Detective Allaman sought and was granted a no-knock warrant to search Six's apartment. Detective Allaman's affidavit in support of the warrant request was purportedly placed in the record, but it is now missing.
The warrant was executed while the apartment was unoccupied. Police uncovered significant quantities of drugs and evidence of trafficking, in addition to two firearms.
Prescott was indicted on a number of offenses and appointed representation by the Department of Public Advocacy (DPA). On several occasions, he filed pretrial motions by which he sought to represent himself, but on each occasion he decided to maintain his appointed counsel after consulting the circuit judge.
Trial was conducted in November 2012. At the close of his case, Prescott requested permission to make his own closing statement to the jury. The circuit judge conducted a Faretta hearing and granted his request. Faretta v. California , 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The jury returned a verdict of guilty on the following charges: first-degree possession of a controlled substance; first-degree trafficking in a controlled substance, first offense, less than four grams of cocaine; two counts of first-degree trafficking in a controlled substance, first offense, more than four grams of cocaine; and first-degree PFO. Prescott was sentenced *918 to a total of ten years' imprisonment and ordered to pay $190 in court costs and fees.
On appeal, Prescott asserts the judgment should be reversed on four grounds. He first claims the warrant was invalid because Detective Allaman's affidavit failed to establish probable cause. On that basis, he believes the evidence discovered in the search of the apartment should have been suppressed. Prescott also protests that the circuit court permitted the jury to hear evidence concerning the prospective sale of firearms. He next claims he should not have been permitted to make his own closing statement. Finally, Prescott argues that he should not have been ordered to pay court costs because he is a poor person.
(Footnotes omitted.)
ADHERENCE TO RULES OF APPELLATE PROCEDURE
As an initial matter, in contravention of CR[5] 76.12(4)(c)(v), Prescott does not state how he preserved any of his arguments in the trial court.
CR 76.12(4)(c) [ (v) ] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court.
Elwell v. Stone , 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting Massie v. Persson , 729 S.W.2d 448, 452 (Ky. App. 1987) ). We require a statement of preservation
so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.
Oakley v. Oakley , 391 S.W.3d 377, 380 (Ky. App. 2012). The instant appeal is taken from the trial court's order denying RCr 11.42 relief on Prescott's motion alleging ineffective assistance of trial and appellate counsel. Review of Prescott's motion and the trial court's order reveals that such issues were presented to the trial court for consideration. Because these issues were so presented, and denied, they are appropriate for appellate review.
Additionally, CR 76.12(4)(c)(iv), relating to the requirement of a concise statement of the facts and procedural history of an appeal, requires "ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings ... supporting each of the statements narrated in the summary." Similarly, CR 76.12(4)(c)(v), relating to arguments raised on appeal, requires "ample supportive references to the record and citations of authority pertinent to each issue of law[.]" It is not the job of this or any appellate court to scour a record to determine whether these citations support a party's assertions. Walker v. Commonwealth , 503 S.W.3d 165, 171 (Ky. App. 2016). Appellants must exercise care, diligence, and trustworthiness to ensure the accuracy of pinpoint citations provided to the appellate court in support of any arguments *919 pursuant to CR 76.12, pertaining to both location and substance.
Prescott's pro se brief contains numerous pinpoint citations to the record allegedly supporting arguments advanced before this Court. Review of the cited portions, however, suggests Prescott misapprehends or mischaracterizes substantial portions of the record. As one example, Prescott states the "Judge even suggested the Attorney's [sic] investigate the witness," citing to a portion of the video transcript of his pretrial proceedings. Our review of this, and all other cited portions, reveals that many do not depict the purported subject matter, others are taken out of context and do not support Prescott's argument, and others do not exist (e.g. citation to V.R., 1/16/11 at 2:37:06pm (supposedly regarding suppression) ). Prescott's repeated inattentive and inaccurate citation to portions of the record in support of his arguments is troubling.
We further note that Prescott's pro se brief does not comply with CR 76.12(4)(c)(vii) which requires the appellant to "place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court." Although the order being appealed was included with the plethora of other attachments, it did not appear until approximately page 178 of 215. This rule also provides that the index "shall set forth where the documents may be found in the record." The purpose of this rule is to ensure that only items in the record are appended to the brief and considered by our court during review. Prescott failed to do this. This rule further requires the appendix contain extruding tabs to indicate to the court the beginning of each attachment. Prescott failed to do this as well.
As an additional note, we find it appropriate to mention-considering Prescott's lengthy pro se and in forma pauperis filings before the trial court and now on collateral appeal in our court-that quantity is a poor proxy for quality in court pleadings. It is not well taken that Prescott's numerous and unwieldy arguments have consumed considerable judicial resources to resolve. The Supreme Court of the United States has observed:
paupers filing pro se petitions are not subject to the financial considerations-filing fees and attorney's fees-that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end.
In re McDonald , 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989).
"While pro se litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, see Haines v. Kerner , 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Kentucky courts still require pro se litigants to follow the Kentucky Rules of Civil Procedure." Watkins v. Fannin , 278 S.W.3d 637, 643 (Ky. App. 2009). Due to our resolution of this action, we have chosen not to penalize the appellant by ordering his brief stricken or dismissing his appeal. Instead, we have elected to simply include either no analysis or a truncated one of unsupported matters asserted in the offending portions of Prescott's arguments. Our review is limited to those portions of Prescott's arguments supported by careful and correct citation to the record.
*920 STANDARD OF REVIEW
Denial of RCr 11.42 relief is reviewed for abuse of discretion. Phon v. Commonwealth , 545 S.W.3d 284, 290 (Ky. 2018) (citing Teague v. Commonwealth , 428 S.W.3d 630, 633 (Ky. App. 2014) ). The test is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Legal issues are reviewed de novo. Phon , 545 S.W.3d at 290.
To establish ineffective assistance of counsel, a movant must satisfy a two-prong test showing counsel's performance was deficient and that said deficiency caused actual prejudice resulting in a fundamentally unfair proceeding with an unreliable result. Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; accord Gall v. Commonwealth , 702 S.W.2d 37 (Ky. 1985). As established in Bowling v. Commonwealth , 80 S.W.3d 405, 411-12 (Ky. 2002) :
The Strickland standard sets forth a two-prong test for ineffective assistance of counsel:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To show prejudice, the
defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is the probability sufficient to undermine the confidence in the outcome.
Id. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 695.
Both Strickland prongs must be met before relief may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." Strickland , 466 U.S. at 687, 104 S.Ct. at 2064. In the instant case, we need not determine whether Prescott's trial counsel's performance was adequate because Prescott fails to demonstrate prejudice resulting from counsel's allegedly deficient performance.[6]
To establish prejudice, a movant must show a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. , 466 U.S. at 694, 104 S.Ct. at 2068. In short, one must demonstrate "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. , 466 U.S. at 687, 104 S.Ct. at 2064. Fairness *921 is measured in terms of reliability. "The likelihood of a different result must be substantial, not just conceivable." Commonwealth v. Pridham , 394 S.W.3d 867, 876 (Ky. 2012) (quoting Harrington v. Richter , 562 U.S. 86, 100, 131 S.Ct. 770, 791, 178 L.Ed.2d 624 (2011) ) (citing Strickland , 466 U.S. at 693, 104 S.Ct. at 2067 ).
Mere speculation as to how other counsel might have performed either better or differently without any indication of what favorable facts would have resulted is not sufficient. Conjecture that a different strategy might have proved beneficial is also not sufficient. Baze [v. Commonwealth , 23 S.W.3d 619 (Ky. 2000) ] ; Harper v. Commonwealth , 978 S.W.2d 311 ( [Ky.] 1998). As noted by Waters v. Thomas , 46 F.3d 1506 (11th Cir. 1995) (en banc ): "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel."
Hodge v. Commonwealth , 116 S.W.3d 463, 470 (Ky. 2003), overruled on other grounds by Leonard v. Commonwealth , 279 S.W.3d 151 (Ky. 2009). "No conclusion of prejudice ... can be supported by mere speculation." Jackson v. Commonwealth , 20 S.W.3d 906, 908 (Ky. 2000) (citations omitted).
LEGAL ANALYSIS
Prescott raises multiple allegations of error in seeking reversal based on claims that both his trial and appellate counsel were ineffective. Prescott divides his arguments that the trial court erred in denying him RCr 11.42 relief into three categories: (1) issues he believes the trial court erroneously found should have been presented on direct appeal or were raised and rejected on appeal; (2) issues he believes the trial court incorrectly analyzed by improperly elevating the standard of prejudice required under Strickland ; and (3) issues raised in his motion which he believes the trial court failed to address or summarily denied without conclusively refuting every allegation, or providing a hearing to dispute any issues of fact. We will address each category, and Prescott's accompanying arguments for each, in turn.
1. Issues that should have been or were presented on direct appeal
Prescott claims, of the fourteen issues he raised in his RCr 11.42 motion, the trial court barred at least eight claims of ineffective assistance of counsel or refused to evaluate such claims on the basis that they were raised and rejected on direct appeal, or should have been presented on direct appeal and, therefore, were not properly raised in the context of RCr 11.42. In his argument, Prescott relies on Martin v. Commonwealth , 207 S.W.3d 1 (Ky. 2006), in which the Supreme Court of Kentucky
acknowledged the availability of an ineffective assistance claim based on a claimed error that failed the palpable error test.
In Humphrey v. Commonwealth , [962 S.W.2d 870 (Ky. 1998),] ineffective assistance of counsel was raised on direct appeal to this Court. Some alleged errors, but not all, had been considered on motion for a new trial. Because the ineffective assistance claims had been heard and ruled on by the trial court on motion for a new trial, we proceeded to review those claims in Humphrey's direct appeal, but we stated:
[A] better approach would have been to have presented the unpreserved errors, if such could have been done in good faith, as palpable error under RCr 10.26. If that approach had been taken unsuccessfully, an ineffective assistance *922 of counsel claim based on those unpreserved errors would still be available in a collateral attack proceeding.
From the above-quoted language it is clear that an unsuccessful attempt to prevail upon a palpable error claim and an adverse ruling from the Court on direct appeal does not preclude the same claim of error from being considered again as ineffective assistance of counsel.
....
... there are distinctions between palpable error under RCr 10.26 and the "prejudice" requirement of Strickland . This prevents a palpable error analysis from being dispositive of an ineffective assistance claim.
When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process. However, on collateral attack, when claims of ineffective assistance of counsel are before the court, the inquiry is broader. In that circumstance, the inquiry is not only upon what happened, but why it happened, and whether it was a result of trial strategy, the negligence or indifference of counsel, or any other factor that would shed light upon the severity of the defect and why there was no objection at trial. Thus, a palpable error claim imposes a more stringent standard and a narrower focus than does an ineffective assistance claim. Therefore, as a matter of law, a failure to prevail on a palpable error claim does not obviate a proper ineffective assistance claim.
Martin , 207 S.W.3d at 2-5 (footnotes omitted).
However, Prescott's direct appeal is more like Newton v. Commonwealth , No. 2009-CA-000441-MR, 2011 WL 1219241 (Ky. App. Apr. 1, 2011),[7] than Martin , because the issues on direct appeal were addressed on their merits rather than under a palpable error standard of review. In Newton , another panel of our court observed:
the holdings in Leonard and Martin apply to palpable error review on direct appeal, which did not occur in Newton's case. In this case, the Supreme Court found on direct appeal no error existed with respect to the admission of character evidence and bolstering testimony; the Court did not undertake a palpable error review. Accordingly, the holdings in Leonard and Martin do not render erroneous this court's conclusion that the Court's finding of no error on direct appeal precluded Newton from alleging ineffective assistance of counsel relating to these claims.
Newton , 2011 WL 1219241, at *2 (footnote omitted). Likewise, any issues now raised by Prescott previously decided on their merits on direct appeal are improper for a collateral attack. The trial court properly concluded that a RCr 11.42 motion "is limited to the issues that were not and could not be raised on direct appeal. An issue raised and rejected on direct appeal may not be relitigated in these proceedings by simply claiming that it amounts to ineffective assistance of counsel." Haight v. Commonwealth , 41 S.W.3d 436, 441 (Ky. 2001) (citing Sanborn v. Commonwealth , 975 S.W.2d 905 (Ky. 1998) ; Brown v. Commonwealth , 788 S.W.2d 500 (Ky. 1990) ; and *923 Stanford v. Commonwealth , 854 S.W.2d 742 (Ky. 1993) ), overruled by Leonard , 279 S.W.3d 151. Prescott concedes in his brief that "[s]ome of appellants issues fall squarely under this Rule being that his [ineffective assistance of counsel] claims are collateral to the direct error."
Prescott further notes that he raised only four issues on direct appeal but fourteen issues in his RCr 11.42 motion, concluding "[t]he math does not add up." However, Prescott fails to specifically list or present further argument on these unspecified issues in this section of his brief. "It is not our function as an appellate court to research and construct a party's legal arguments." Hadley v. Citizen Deposit Bank , 186 S.W.3d 754, 759 (Ky. App. 2005). We will not search the record to construct Prescott's argument for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." Milby v. Mears , 580 S.W.2d 724, 727 (Ky. App. 1979). Without more, we cannot say the trial court erred in denial of Prescott's RCr 11.42 motion. Moreover, a closer look at each of Prescott's arguments, as discussed below, reveals that many of his current arguments are redundant or contain essentially the same components of his original arguments presented on direct appeal, despite being assigned different labels.
2. Issues Prescott claims trial court examined under improper standard
Prescott contends that the trial court erred in denying him RCr 11.42 relief by improperly elevating the standard of prejudice required under Strickland , and Commonwealth v. McKee , 486 S.W.3d 861 (Ky. 2016), "requiring the Appellant show Counsel's actions were prejudicial enough to change the outcome of the case, causing him to lose what he otherwise would have won." Prescott further avers the "Trial Court also failed to recognize the Rcr. 11.42 contained arguments that automatically presumed prejudice , & b/c the Trial Court did not analyze these issues, or dispensed with these issues without a hearing the lower Court has; (1) created an incredibly high bar for prejudice in error, & (2) failed to allow Appellant a method to properly address the omitted issues on review requiring remand."
Prescott fails to recognize that "[s]urmounting Strickland 's high bar is never an easy task." Padilla v. Kentucky , 559 U.S. 356, 371, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). However, it is possible. "The Strickland standard is not so rigid as to require a reviewing court to conclude that the result actually would have been different absent the error; indeed, that would make for an impossibly high bar. Instead, it requires only a reasonable probability of a different outcome." McKee , 486 S.W.3d at 868. Contrary to Prescott's creative but unsupported allegations, review of the trial court's order reveals that it used the correct standard as required by Strickland and not an impermissibly elevated standard of its own invention.
Prescott also takes issue with the trial court's conclusion that he failed to sufficiently show prejudice to merit RCr 11.42 relief, contending he was entitled to a hearing. Another panel of our court held:
The trial court is permitted to examine the question of prejudice before it determines whether there have been errors in counsel's performance. In making its decision on actual prejudice, the trial court obviously may and should consider the totality of the evidence presented to the trier of fact. If this may be accomplished from a review of the record *924 the defendant is not entitled to an evidentiary hearing.
Brewster v. Commonwealth , 723 S.W.2d 863, 864-65 (Ky. App. 1986) (emphasis added). Prescott refers us to Fraser v. Commonwealth , 59 S.W.3d 448, 452 (Ky. 2001), stating a "hearing is required if there is a material issue of fact that cannot be conclusively resolved, i.e. , conclusively proved or disproved, by an examination of the record." Nevertheless, Prescott fails to identify any issue of material fact not conclusively resolved by review of the record. As stated previously, we will not search the record to construct Prescott's argument for him, nor will we venture to find support for his underdeveloped arguments. Milby , 580 S.W.2d at 727.
Prescott, however, does present a series of arguments in this section to counter the trial court's findings of fact and conclusions of law pertaining to eleven of the fourteen issues raised in his RCr 11.42 motion.[8] We will acknowledge each, using the same numerical designation and title designated by the trial court in its order.
I. Text messages not provided in discovery. The trial court found that, while this issue should have been raised on direct appeal, this argument lacked merit because Prescott's trial counsel argued against the admission of the text messages at issue and Prescott failed to demonstrate prejudice. In fact, review of the record reveals that Prescott's trial counsel was successful in their argument in preventing admission of text messages not provided in discovery into evidence during the Commonwealth's case-in-chief.
In his brief, Prescott fails to connect legal authority to the facts of his case which undermine the court's findings of fact or conclusions of law on this issue. He cites Strickland for the proposition that in some cases a single error can have such a "pervasive effect on the inferences to be drawn from the evidence, [that it alters] the entire evidentiary picture;" but he ignores the rest of the sentence that other errors "will have had an isolated, trivial effect." Strickland , 466 U.S. at 695-96, 104 S.Ct. at 2069. Prescott fails to identify how this alleged error falls into the first category rather than the latter. His conclusory statements and unsupported allegations are both unproductive and unpersuasive. Therefore, we hold the trial court correctly concluded that this claim did not rise to the level of ineffective assistance of counsel.
II. Complete record on appeal. This issue pertains to the affidavit of Detective Allaman used to obtain the search warrant which was not included in the record on direct appeal.[9] The trial court correctly concluded that this issue, as part of whether the warrant was valid, was directly addressed on appeal. The prior panel of our court found the search warrant sufficient to show probable cause without need to review the written affidavit. Again, Prescott fails to connect legal authority to the facts of his case which challenge the court's findings of fact or conclusions of law on this issue. He cites two cases stating a defendant is entitled to effective assistance of counsel in connection with their first appeal but fails to demonstrate how the previous panel of our court's review would have differed at all had they *925 been provided the affidavit. His conclusory statements and unsupported allegations are insufficient. As such, the trial court was correct in finding the inadvertent omission of the affidavit from the written record on appeal did not prejudice Prescott, nor did it rise to the level of ineffective assistance of counsel.
III. Affidavit for search warrant and military involvement. This argument is largely a rehash of the last pertaining to the missing affidavit but also includes Prescott's argument pertaining to suppression of evidence obtained in the search under 18 U.S.C.[10] 1385. The trial court found this issue was addressed in Prescott's direct appeal and neither violated the statute requiring suppression nor prejudiced Prescott. The trial court further found that although Prescott made vague statements about trial counsel being unfamiliar with certain case law pertaining to these issues, he did not show how this fell below the objective standard for counsel or how it prejudiced him.
On appeal, Prescott makes the same mistake. He cites to portions of the record which reflect neither attorney error nor a level of competency below prevailing professional norms required by Strickland . Although Prescott moved the trial court to remove his appointed counsel or to allow him to proceed as co-counsel in hybrid representation on more than one occasion, he failed to show that counsel's performance was in any way deficient or prejudicial to him. To the contrary, the instances cited by Prescott demonstrate his counsel made proper arguments and filed proper motions at appropriate times. Finding no error with the trial court's ruling on this issue, it is affirmed.
IV. Failure to investigate. In its order denying Prescott's RCr 11.42 motion, the trial court found Prescott's claim that his counsel was ineffective by not conducting further investigation did not specify what witnesses or information would have been revealed with further investigation, nor was prejudice shown. In his appellate brief, Prescott grossly misstates the record in this claim, stating the judge suggested his attorney investigate a witness when he did not. Prescott also claims his counsel had the judges switched-another fact not borne out by the record.
Prescott contends that his trial counsel failed to investigate certain military witnesses, including the Commonwealth's key witness, Percival. Prescott vaguely asserts that the type of information which may have been discovered by further investigation might pertain to Percival's mental health and credibility, considering he testified he was diagnosed with post-traumatic stress disorder, major depressive disorder, poly-substance dependency, and borderline personality disorder. Nonetheless, it is clear from the record that Prescott's counsel did investigate Percival through the discovery process. Counsel also effectively cross-examined Percival at trial, which we review with great deference assuming questioning relates to sound trial strategy.
Prescott further asserts that this issue falls under a "presumed prejudice" exception and he was not required to show prejudice. Prescott cites United States v. Cronic , 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In Cronic , the Supreme Court of the United States held:
There are, however, circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.
Most obvious, of course, is the complete denial of counsel. The presumption that counsel's assistance is essential requires *926 us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial. Similarly, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable. No specific showing of prejudice was required in [ Davis v. Alaska ,] 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), because the petitioner had been "denied the right of effective cross-examination" which " 'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.' " Id., at 318, 94 S.Ct. at 1111 (citing [ Smith v. Illinois ,] 390 U.S. 129, 131, 88 S.Ct. 748, 749, 19 L.Ed.2d 956 (1968), and [ Brookhart v. Janis ,] 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314 (1966) ).
Circumstances of that magnitude may be present on some occasions when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. [ Powell v. Alabama ,] 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), was such a case.
Cronic , 466 U.S. at 658-60, 104 S.Ct. at 2046-47 (footnotes omitted). Importantly, in footnote 26, the Cronic Court went on to hold, "[a]part from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt " citing Strickland , 466 U.S. at 693-96, 104 S.Ct. at 2067-69 (emphasis added). Prescott alleges his trial counsel's "failure to investigate" fell under the second or third category of these areas of presumed prejudice. These allegations, however, are vague and unsupported.
The trial court correctly found that Prescott only made vague allegations, failing to identify any evidence which could have been discovered and introduced which would have aided his case. RCr 11.42 motions are not intended to conduct further discovery or fishing expeditions. It is well-settled, "vague allegations, including those of failure to investigate, do not warrant an evidentiary hearing and warrant summary dismissal of the RCr 11.42 motion." Mills v. Commonwealth , 170 S.W.3d 310, 330 (Ky. 2005), overruled by Leonard , 279 S.W.3d 151. Thus, the trial court's summary dismissal on this issue was appropriate.
V. Faretta and hybrid representation. Once again, Prescott either miscomprehends or misconstrues the record on this issue. Among other glaring inaccuracies, Prescott incorrectly states that the trial court informed him that if he chose hybrid representation in conducting hearings and filing motions, he must also conduct the trial by himself; this is counter to the record. As addressed previously, we decline to provide comprehensive analysis on Prescott's claims which are based on wholly inaccurate citation of the record. Nor will we waste judicial resources to find support for Prescott's underdeveloped arguments.
Furthermore, to the extent this issue was addressed on Prescott's direct appeal, it is not now available to be raised via a RCr 11.42 motion. To the extent Prescott now argues that hybrid representation applies to his appellate counsel on direct appeal, the trial court correctly held RCr 11.42"claims will not be premised on inartful arguments or missed case citations; rather counsel must have omitted completely an issue that should have been *927 presented on direct appeal." Hollon v. Commonwealth , 334 S.W.3d 431, 437 (Ky. 2010). Prescott fails to present any such issue.
VI. "Amending the jury's verdict" (plea bargaining). This issue was not specifically addressed by Prescott in his appellate brief. Prescott's failure to present an argument on this issue on appeal constitutes abandonment and/or waiver of this argument.
VII. "Amending the jury's verdict" (instructions). Yet again, Prescott either miscomprehends or misconstrues the record on this issue. Ironically, however, Prescott alleges that the trial court misrepresented facts pertaining to this issue in its order. Undaunted by the truth-and among a myriad of other misstatements-Prescott alleges his counsel's ineffectiveness "forced" him to proceed under an "all or nothing" instruction. To the contrary, the record clearly demonstrates that it was Prescott's decision to proceed with instructions for trafficking only rather than including instructions for possession as a lesser offense as well. As addressed previously, we decline to provide comprehensive analysis on Prescott's claims which are based on wholly inaccurate citation of the record; nor will we waste judicial resources to find support for Prescott's underdeveloped arguments.
Prescott further takes issue with the fact that the trial court amended the judgment more than ten days after the sentencing hearing. The trial court specifically addressed this amendment in its order denying RCr 11.42 relief, stating the judgment was amended to reflect the weights found by the jury in accordance with the new HB[11] 463 rules. Here we note that it was Prescott's decision to elect to proceed under HB 463, and as the trial court observed, Prescott did not and cannot show that he was prejudiced by this amendment since he benefited from its application. We further agree with the trial court that Prescott's issue with the timing of the amendment should have been addressed by his direct appeal, not this collateral appeal. In any event, because Prescott was not prejudiced by this amendment, the trial court did not err in granting Prescott relief.
Prescott additionally argues that his counsel was ineffective for failing to provide lesser included instructions on criminalizing complicity[12] or criminal facilitation.[13] Our standard of review for a trial court's ruling regarding jury instructions is for abuse of discretion. Cecil v. Commonwealth , 297 S.W.3d 12, 18 (Ky. 2009). It is the trial judge's duty to instruct the jury on the whole law of the case. Taylor v. Commonwealth , 995 S.W.2d 355 (Ky. 1999). A lesser included instruction is required "only if, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense." Houston v. Commonwealth , 975 S.W.2d 925, 929 (Ky. 1998). In the instant case, the trial court found that the jury clearly believed that Prescott sold cocaine in a controlled buy, so there is no "reasonable probability" that the result would have differed with different jury instructions. Strickland , 466 U.S. at 694, 104 S.Ct. at 2068. Similarly, because Prescott failed to show sufficient prejudice required by Strickland , Prescott's objection to the word "dispensing" in the jury instructions did not rise to the level of ineffective *928 assistance of counsel. Lastly, Prescott's opposition to the word "will" as a "commandment" in the jury instructions does not consider the word within the context of each instruction, which also uses the phrase "if and only if." Without a sufficient showing of prejudice upon the trial's outcome by any one or a combination of any of these alleged errors with the jury instructions at trial, the trial court did not err in denying Prescott's request for relief under RCr 11.42 on this issue.
VIII. Narrating the video. Prescott argues that Percival should not have been allowed to narrate the video of the controlled buys. The trial court found that while this issue should have been pursued on direct appeal, the narration was nonetheless proper under KRE[14] 701 and 602 because it was rationally based on the perception of the witness and helpful to a clear understanding of whether a controlled sale was taking place, citing Mills v. Commonwealth , 996 S.W.2d 473 (Ky. 1999), overruled by Padgett v. Commonwealth , 312 S.W.3d 336 (Ky. 2010).
Prescott argues Mills , is distinguishable from his case. He is correct that Mills differs from his case, but he is incorrect in his analysis of how and why it is different. The videotape at issue in Mills portrayed the aftermath of the crime scene and the investigator's impressions thereof; whereas, in the instant case, the video recordings captured Percival's then-live actions of three controlled drug buys. These facts make Percival's narration even more appropriate given his firsthand knowledge of what the recordings portrayed. Similarly, Prescott's reliance on Sanborn v. Commonwealth , 754 S.W.2d 534 (Ky. 1988), overruled by Hudson v. Commonwealth , 202 S.W.3d 17 (Ky. 2006) -concerning the admissibility of "investigative hearsay" and the "verbal act" doctrine-is misplaced because the narrative testimony in that case did not come from a witness with "firsthand" knowledge but from an investigator.
We note Prescott's counsel successfully objected to Investigator Richard Scott Badger-a member of the United States Army who served on a military police drug suppression team at Fort Knox, Kentucky-narrating the video as he only had firsthand knowledge of the starting and ending of each recording purporting to record the controlled buys. Percival, on the other hand, had firsthand knowledge of everything the videos portrayed. The relatively poor quality of the video recordings made the narration by Percival proper as it certainly helped clarify what the video portrayed in a manner helpful to the jury. See Morgan v Commonwealth , 421 S.W.3d 388 (Ky. 2014) ; Boyd v. Commonwealth , 439 S.W.3d 126, 131 (Ky. 2014).
Included in this argument is Prescott's protest to the prosecution's references in its closing statements to uncharged gun purchases as well as "improper narrations of the video evidence," supposedly without objection from his counsel. The subject of uncharged gun purchases was objected to prior to trial by written motions filed both by Prescott, pro se , and by his counsel. Prescott cites to the trial court's preliminary ruling that evidence of uncharged gun purchases was not to be introduced by the Commonwealth during its case-in-chief, but he ignores the fact the trial court reserved further ruling on admissibility of such evidence during later stages of the trial because the matter was intertwined with the drug purchases at issue and could be introduced for appropriate purposes. The trial court later allowed certain introduction of this evidence for appropriate purposes and instructed the *929 jury with an admonition on how and why it could be considered. In its order denying Prescott RCr 11.42 relief, the trial court found "[i]t was also proper for the Commonwealth to argue on closing argument about the testimony," including references to the video recordings as well as mention of the potential gun transactions as they related to the charged offenses. We hold Prescott's argument regarding his counsel's failure to object during closing is without merit.
The trial court also notes that Prescott failed to show prejudice on this issue. We agree. Prescott's contention that a showing of prejudice is not required due to constructive denial of counsel as ineffective is unsupported. Moreover, the trial court points out that this issue was raised by Prescott's appellate counsel on direct appeal and was improperly included in his RCr 11.42 motion. As such, the trial court properly denied Prescott's request for relief on this issue.
IX. Testimony regarding uncharged criminal conduct. In addition to his previous argument concerning mention of uncharged gun purchases, Prescott challenges what he perceives as counsel's failure to object to mention of uncharged drug purchases at trial. The record reflects Prescott's counsel did object to Detective Allaman's testimony regarding uncharged drug purchases. Prescott fails to cite to any portion of the record where other mention of uncharged criminal conduct was made. As previously stated, we will not scour the record to find additional facts to support Prescott's claims. Prescott's allegations that prosecutorial misconduct throughout the trial affected the overall fairness is likewise unsupported and unsubstantiated.
Further, it is well-established that judicial scrutiny of counsel's performance must be highly deferential. Strickland , 466 U.S. at 689, 104 S.Ct. at 2065. It must also be assumed that counsel exercised sound trial strategy in choosing not to object to any additional vague or fleeting references to uncharged activity to avoid calling extra attention to such testimony. See Ernst v. Commonwealth , 160 S.W.3d 744, 759 (Ky. 2005). This strategy does not rise to the level of constitutionally deficient performance, and no prejudice has been shown.
X. Conflict in Prescott acting pro se (plea advice). Prescott baldly and blanketly states that there were actual, presumed, and potential conflicts between himself and his counsel, the prosecution, and even the judge. Prescott supports none of these assertions with either fact or relevant legal precedence. His allegations are simply not borne out by the record, which demonstrates both the absence of legal conflict and the presence of counsel rendering competent legal advice. Prescott fails to demonstrate that he was given bad legal advice by his counsel or was prejudiced by his perceived conflict. Therefore, we affirm the trial court's denial of RCr 11.42 relief on this issue.
XI. Suppression of evidence. Prescott presents a recycled and repackaged argument concerning suppression of evidence discovered pursuant to the aforementioned search warrant in his RCr 11.42 motion and on collateral appeal. Contrary to Prescott's assertions and attempt to attack the same argument from another angle, this issue was conclusively decided by the previous panel of our court, and the trial court found no valid reason for disturbing this ruling. Neither do we; therefore, we must affirm.
XII. Voir dire. The trial court denied Prescott's request for relief on this issue because he failed to show prejudice, citing Commonwealth v. Lawson , 454 S.W.3d 843 (Ky. 2014). In that case, the Supreme *930 Court of Kentucky agreed with the trial court that the defendant failed to demonstrate how he was prejudiced by not being able to strike two jurors.
Simply stating that he would have stricken them is not sufficient to satisfy demonstrable prejudice, because there is no indication that he received anything less than a reliable trial. As the trial court reasoned, to find prejudice merely because Appellee identified two jurors he would have stricken would be no different than creating a per se reversal rule in [ineffective assistance of counsel] cases.
Lawson , 454 S.W.3d at 847. In the instant case, Prescott's arguments fail for similar reasons. As such, the trial court did not err in denying relief on this claim.
XIII, XIV. PSI and Alibi witnesses. These issues were not specifically addressed by Prescott in his appellate brief. Prescott's failure to present arguments on these issues on appeal constitute abandonment and/or waiver of these arguments.
3. Issues Prescott alleges trial court failed to sufficiently address
Prescott argues the trial court erred in its order denying him RCr 11.42 relief by failing to address certain issues raised in his motion or by summarily denying issues without conclusively refuting every allegation or providing a hearing to dispute any issues of fact. In this section, Prescott repeats portions of his arguments corresponding to numbered arguments I, IV, V, IX, X, XI, and XII, above. We need not address these issues again. However, we affirm the trial court's treatment of these "arguments" as being vague, conclusory, and unsupported allegations. As we-and the Supreme Court of Kentucky-have previously noted, "vague allegations ... do not warrant an evidentiary hearing and warrant summary dismissal of the RCr 11.42 motion." Mills , 170 S.W.3d at 330.
CONCLUSION
In conclusion, Prescott has failed to satisfy Strickland . He has shown neither attorney error nor prejudice resulting therefrom. Both showings are necessary for a court to grant relief. Prescott was not entitled to perfect counsel, only "reasonably effective" counsel. Strickland , 466 U.S. at 687, 104 S.Ct. at 2064 (citing Trapnell v. United States , 725 F.2d 149, 151-52 (2d Cir. 1983) ). That he received.
We simply cannot say, considering the totality of the evidence, there is a reasonable probability that had counsel performed at trial or on direct appeal as Prescott now claims they should have, jurors would have reasonably doubted his guilt and acquitted him. For these reasons, the order of the Hardin Circuit Court is AFFIRMED.
ALL CONCUR.

Kentucky Rules of Criminal Procedure.

Kentucky Revised Statutes ("KRS") 218A.1415, a Class D felony.

KRS 218A.1412, Class C and D felonies.

KRS 532.080(3).

Kentucky Rules of Civil Procedure.

Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.
Strickland , 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674.

This unpublished opinion is cited pursuant to CR 76.28(4)(c) as illustrative of the issue before us and not as binding authority.

The trial court made specific findings of fact and conclusions of law for each of the fourteen issues raised in Prescott's RCr 11.42 motion. In his appellate brief, Prescott does not refute the trial court's findings of fact or conclusions of law pertaining to numbered issues VI, XIII, or XIV, titled "Amending the jury's verdict" (plea bargaining), PSI, and Alibi witnesses, respectively.

The affidavit has since been made part of the record.

United States Code.

House Bill.

KRS 502.020.

KRS 506.080.

Kentucky Rules of Evidence.