RENDERED: MAY 10, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0567-MR

LARRY ORDWAY                                                             APPELLANT

APPEAL FROM CHRISTIAN CIRCUIT COURT
v.          HONORABLE ANDREW SELF, JUDGE
ACTION NO. 07-CR-00713

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE: Larry Ordway appeals from the Christian Circuit Court's denial of his third Kentucky Rule of Civil Procedure (CR) 60.02 motion for postconviction relief. We affirm.

In 2009, a jury convicted Ordway of numerous offenses and he was sentenced to seventy-years' imprisonment. Our Supreme Court reversed some

convictions but affirmed others. *Ordway v. Commonwealth*, 352 S.W.3d 584 (Ky. 2011). The reversals did not impact Ordway's total sentence.

Ordway then began filing a series of postconviction motions. In 2012, Ordway sought relief under CR 60.02. The trial court denied the motion and Ordway did not appeal. In 2014, Ordway sought relief under Kentucky Rule of Criminal Procedure (RCr) 11.42. The trial court denied the motion, and we affirmed. *Ordway v. Commonwealth*, No. 2014-CA-001618-MR, 2017 WL 3129179, at *1 (Ky. App. Jul. 21, 2017). In 2020, Ordway filed a second CR 60.02 motion, seeking relief based on the COVID-19 pandemic. The trial court again denied the motion. Ordway appealed.

While that appeal was pending, Ordway filed the CR 60.02 motion at hand – his third – in January 2022. In December 2022, while Ordway's third CR 60.02 motion was pending in the trial court, we affirmed the denial of his second CR 60.02 motion. *Ordway v. Commonwealth*, No. 2020-CA-1181-MR, 2022 WL 17542726, at *1 (Ky. App. Dec. 9, 2022). In May 2023, the trial court denied Ordway's third CR 60.02 motion. Ordway then filed this appeal.

Before we address Ordway's arguments, we must discuss his woefully deficient briefs. Simply put, Ordway's briefs are almost wholly noncompliant with the briefing rules found in the Kentucky Rules of Appellate Procedure (RAP). For example, Ordway's opening brief: does not begin with an introduction; contains a

statement of points and authorities written in narrative form instead of merely listing the citations and the page(s) where those citations are located; contains few to no pinpoint citations to the multi-volume record; contains no preservation statements; and does not contain a properly organized appendix. *See* RAP 32. The largely handwritten brief also contains tiny handwriting, making it difficult to read.

Even though Ordway is proceeding *pro se*, he is nonetheless required to comply with applicable briefing rules. *See, e.g.*, *Prescott v. Commonwealth*, 572 S.W.3d 913, 919 (Ky. App. 2019); *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019). We may strike a brief which does not "substantially comply" with applicable briefing rules. RAP 10(B). Ordway's opening brief is not substantially compliant. However, the Commonwealth – the opposing party directly impacted by Ordway's deficiencies – has not asked us to penalize Ordway. After reflection, and because Ordway is plainly otherwise not entitled to relief, we leniently decline to impose sanctions.

Our standards of review are as follows:

> We review the denial of a CR 60.02 motion under an abuse of discretion standard. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, we will affirm the lower court's decision unless there is a showing of some flagrant miscarriage of justice.
>
> Relief may be granted under CR 60.02(f) for any reason of an extraordinary nature justifying relief. A CR

60.02(f) motion must be made within a reasonable time. . . .

The burden of proof falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief. To justify relief, the movant must specifically present facts which render the original trial tantamount to none at all.

. . . .

. . . . CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or by RCr 11.42 proceedings. The obvious purpose of this principle is to prevent the relitigation of issues which either were, should or could have been litigated in a similar proceeding.

*Stoker v. Commonwealth*, 289 S.W.3d 592, 596-97 (Ky. App. 2009) (internal quotation marks, footnotes, and citations omitted).

Ordway's arguments are **extremely** difficult to follow. The trial court deemed Ordway's CR 60.02 motion "somewhat incoherent" and noted "the specific grounds for relief are not easily discernable." Ordway's briefs are similarly troublesome. As best as we can discern, Ordway raises convoluted issues involving alleged defects in the grand jury proceedings, the Commonwealth's alleged failure to provide recordings of the grand jury proceedings to Ordway, and errors involving the return of the indictment. But Ordway is not entitled to an examination of his arguments on the merits.

-4-

The grand jury proceedings had concluded, and the indictment had been issued and returned, long before Ordway's trial. In fact, Ordway's counsel filed a motion to produce the grand jury recording in January 2008.[1] The upshot is that Ordway's arguments are barred because he could have, or should have, raised **any** issues involving the grand jury proceedings, the indictment, or the return thereof on direct appeal or in his prior motions for postconviction relief. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).[2]

In addition, this is Ordway's **third** CR 60.02 motion. Precedent plainly holds that "CR 60.02 does not permit successive post-judgment motions[.]" *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014). *Accord*, *e.g.*, *Stoker*, 289 S.W.3d at 597. Ordway has not adequately explained why he could not have raised the issues in this CR 60.02 motion previously. We thus affirm the trial court's conclusion that the motion is fatally successive because the issues in it could, or should, have been raised previously.

---

[1] At a later pretrial hearing, Ordway's counsel affirmatively stated that he had been provided an audio recording of the grand jury proceedings, contrary to the seeming thrust of Ordway's briefs.

[2] It appears as if Ordway raises some hazy ineffective assistance of counsel arguments in his briefs. Those arguments are also barred because Ordway could have, and should have, raised **all** ineffective assistance of counsel claims in his RCr 11.42 motion. *Furnish v. Commonwealth*, 95 S.W.3d 34, 52 (Ky. 2002) (holding that ineffective assistance of counsel claims "are not properly raised on direct appeal, but rather must proceed by way of a post-trial motion under RCr 11.42").

We have considered the parties' briefs but conclude all other arguments discussed by the parties are irrelevant, redundant, without merit, or otherwise unnecessary for us to address.

For the foregoing reasons, the Christian Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Larry R. Ordway, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky