RENDERED: MARCH 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1087-MR

GREGORY WAHL                                                 APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM GARRARD CIRCUIT COURT<br>HONORABLE HUNTER DAUGHERTY, JUDGE<br>ACTION NO. 18-CR-00089 |

COMMONWEALTH OF KENTUCKY                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Gregory Wahl appeals from a September 14, 2023, order of
the Garrard Circuit Court denying his motion for post-conviction relief under
Kentucky Rules of Criminal Procedure (RCr) 11.42.[1] Wahl primarily argues that

---

[1] On October 12, 2023, Gregory Wahl filed a Kentucky Rules of Civil Procedure (CR) 59.05
motion to alter, amend, or vacate the September 14, 2023, order. On February 29, 2024, the
circuit court denied the motion. However, an issue arose as to whether that order was properly
entered, as a copy of the order was not received by counsel for appellant nor did the order timely
appear on Courtnet. Appellant then filed a motion per CR 60.02 on July 16, 2024. By order
entered August 16, 2024, the court stated that a clerical error occurred precluding the proper

his trial attorneys were constitutionally ineffective in failing to make any motions at trial to determine competence when they suspected him of being under the influence of drugs. We affirm.

## BACKGROUND

Wahl was convicted by a jury in the Garrard Circuit Court of assault in the first degree of Steven Christopher Gifford and of being a persistent felony offender in the second degree. He was sentenced to prison for forty-five years. At trial, Wahl testified in his own defense. As concerns the assault, he testified he acted in self-defense per Kentucky Revised Statutes 503.050. The Kentucky Supreme Court affirmed his conviction on direct appeal in *Wahl v. Commonwealth*, 636 S.W.3d 484 (Ky. 2021). Wahl did not raise any issues regarding his alleged drug intoxication during trial in his direct appeal.

On December 15, 2022, Wahl filed a motion for relief from the conviction in circuit court pursuant to RCr 11.42 on the basis of ineffective assistance of trial counsel. Record at 365-79. Wahl raised a number of issues of alleged ineffectiveness in the court below, but only two arguments remain on appeal: 1) whether trial counsel was deficient by failing to bring any motions related to Wahl's competency due to drug use at trial, and 2) whether trial counsel

---

filing of the court's February 29, 2024, order. That order was then deemed entered on August 16, 2024, which is now on appeal.

-2-

violated Wahl's constitutional rights by forcing him to testify when he was allegedly intoxicated.

The RCr 11.42 motion below alleged that Wahl was "obviously and manifestly under the influence" of drugs at the time he took the stand at trial. Record at 372. Wahl further alleged in the motion that when he showed up for trial, he "immediately" informed his trial attorney, Matt Myers, that he was on methamphetamine and that he did not want to testify. Record at 370. Wahl argued that trial counsel should have moved to continue the trial given that Wahl was unable to participate rationally in his defense, including his decision whether to testify. Record at 375. Additionally, Wahl asserted that his attorneys disregarded Wahl's wishes by telling the jury during opening remarks that he would testify, forcing him to have to testify. Record at 370-72.

The trial court conducted an evidentiary hearing on Wahl's ineffective assistance claims on August 31, 2023. The witnesses were Wahl's daughter, Hannah Hill, his girlfriend, Alesia Sharp, and his father, Dwight Wahl, all of whom had attended at least some of the two-day trial. Wahl's trial attorney, Matt Myers, who worked for the Department of Public Advocacy (DPA) and Wahl also testified at the hearing.

Wahl's daughter testified that she thought Wahl was under the influence of drugs when she saw him testifying at trial. She stated that she never

-3-

relayed that information to court personnel, defense counsel, or the judge. Video Record (VR) 8/31/2023, at 1:32:10-1:33:20. Ms. Sharp testified that Wahl had been using meth in the days before trial. She was not present during his testimony at trial. VR, 8/31/2023, at 1:40:40-1:42:05. Wahl's father testified that he attended both days of trial. He believed that anyone who knew Wahl could tell something was wrong, but clarified that it was only when Wahl began to testify that it was clear to him that Wahl was on drugs. VR, 8/31/2023, at 1:52:10-1:52:42. Wahl's father likewise did not tell Myers about Wahl's alleged drug intoxication during the trial. VR, 8/31/2023, at 1:57:56-1:59-56.

Attorney Myers testified Wahl never told him he was on drugs prior to trial. VR, 8/31/2023, at 2:05:40-2:06:65. And, Wahl never told his attorneys that he did not want to testify at trial. VR, 8/31/2023, at 2:06:05-2:06:10. Although Myers believed Wahl's demeanor on the stand was erratic and that he did not testify well, Myers had no suspicion at that time that Wahl was under the influence. VR, 8/31/2023, at 2:08:30-2:09. Myers further testified that it wasn't until they took a break to get a meal after the jury had retired to deliberate that he and his team came to the conclusion that Wahl may have been under the influence of drugs. VR, 8/31/2023, at 2:25:00-2:26:40. Myers tried Wahl's case with Erica Roland of DPA, who was also his supervisor. He testified that after the break for jury deliberations, he and Roland immediately brought the issue to the court's

attention.  Wahl would admit at the bench that he had taken drugs, but the court concluded this was during jury deliberations when he went to his girlfriend's car in the parking lot, and not during the trial.[2]  VR, 8/31/2023, at 3:00:30-3:01:00 and *see* Record at 407-08.

The Commonwealth's Attorney argued at the conclusion of the evidentiary hearing that even after hearing all of the foregoing testimony, it was still unknown when Wahl may have taken drugs.  He said those in the courtroom only noticed something peculiar about Wahl when he started nodding off following the jury's departure for deliberation – in other words, after the trial was completed. He argued that throughout the guilt portion of the trial, Wahl's counsel did not think he was incompetent.  He said counsels' obligation was to bring the issue to the court immediately, which they did, and Wahl could not show his counsel was ineffective if they did not know he was under the influence of drugs when he testified.  He argued that the verdict would not have been different, since Wahl was incriminated by the testimony of his girlfriend, Ms. Sharp, who testified that the victim had been disarmed when Wahl struck him repeatedly.  The prosecution further emphasized that the jury could have sentenced him to life in prison but

_____

[2] Wahl was on bond prior to and during the trial and was free to leave the courthouse while the jury deliberated.

rather sentenced him to forty-five years, which he said showed that defense counsel did a good job.[3]  VR, 8/31/2023, at 2:43:50-2:54:30.

The trial judge denied the motion at the conclusion of the hearing.  In the court's written order entered September 14, 2023, the court found that Wahl was represented by experienced trial attorneys, and neither they nor the equally experienced Commonwealth's Attorney, the judge, security personnel, or witnesses in the courtroom noticed unusual behavior by Wahl before he took the stand.  The court found that Wahl's behavior during his testimony did not seem extraordinary.  The court concluded that counsel could not be faulted for not seeing what others also present in the courtroom could not, and at the time his condition became apparent, the guilt phase had been completed and Wahl did nothing during the penalty phase that would have changed the result.  Record at 407-08.

Wahl timely filed a motion to alter, amend, or vacate the court's order on October 12, 2023, pursuant to Kentucky Rules of Civil Procedure (CR) 59.05.[4] The court denied the CR 59 motion to vacate by order entered February 29, 2024. Thereafter, Wahl filed a CR 60.02 motion for relief asking the court to properly enter its order denying the CR 59.05 motion to allow him to timely appeal the

_____

[3] The jury was instructed the sentencing range for being a persistent felony offender in the second degree shall be fixed at a period not less than twenty years, nor more than fifty years, or for life.  Record at 255; Kentucky Revised Statutes (KRS) 532.060(2); KRS 532.080.

[4] An agreed order was entered by the circuit court on October 6, 2023, allowing Wahl to file his CR 59.05 motion on or before October 12, 2023.  Record at 401.

ruling on the RCr 11.42 motions. An order was entered on August 16, 2024, stating that due to a clerical error, the order denying Wahl's RCr 11.42 post-conviction motion would be deemed entered that day. Record at 435. Wahl now appeals the denial of both the RCr 11.42 and the CR 59.05 motions.

<u>STANDARD OF REVIEW</u>

The Kentucky Supreme Court has set forth the following standards for our review of ineffective assistance of counsel claims:

> We evaluate ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by this Court in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). Under the *Strickland* framework, an appellant must first show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052. A "deficient performance" contains errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the appellant must show that counsel's deficient performance prejudiced his defense at trial. *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* An appellant must satisfy both elements of the *Strickland* test in order to merit relief. *Id.*
>
> When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable. *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007) (*quoting Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001) *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)). We must analyze counsel's overall performance and the totality of circumstances therein in order to

-7-

determine if the challenged conduct can overcome the strong presumption that counsel's performance was reasonable. *Haight*, 41 S.W.3d at 441–42. In addition, the trial court's factual findings and determinations of witness credibility are granted deference by the reviewing court. *Id.* Finally, we apply the de novo standard when reviewing counsel's performance under *Strickland. Bussell*, 226 S.W.3d at 100.

*Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016). Our review proceeds accordingly.

ANALYSIS

As set out in *McGorman*, 489 S.W.3d at 736, our standard of review necessitated a *de novo* review by this Court of the record below including the circuit court's evidentiary hearing on August 31, 2023. And as noted, the circuit court's findings are granted deference, which includes the determination of the credibility of the witnesses' who testified. *Crabtree v. Commonwealth*, 584 S.W.3d 291, 294 (Ky. App. 2019).

Based on our review, the court found Myers' testimony to be more credible, including that Myers was not aware of any drug use or intoxication by Wahl prior to or during his testimony at trial. And, Myers disputes that Wahl told his attorneys that he did not want to testify at trial, nor did Wahl protest when he was called to the stand to testify. And, we are cognizant that the primary defense being asserted by Wahl at trial – self-defense – necessitated his testimony at trial.

Additionally, we find the following findings by the circuit court of Wahl's behavior at trial to be most compelling:

> When the jury retired to deliberate, the court took its normal recess, and Mr. Wahl, being free on bond, apparently went to his car and injested [sic] or injected methamphetamine, his drug of choice. When he returned to the courtroom, he appeared under the influence to the point where the court ordered that he be tested. The test was not completed prior to the jury returning with its verdict of guilty.

> Because Mr. Wahl had testified during the guilt phase there was no reason for him to take the stand for the penalty phase, so the court proceeded through that stage as Mr. Wahl sat at counsel table with his attorneys. The Commonwealth put on evidence of Mr. Wahl's lengthy prior record, and in spite of that record the jury recommended a sentence of less that what it could have imposed.

> Mr. Wahl's condition throughout the trial was equally apparent to all in attendance, and none of us perceived him to be under the influence until he returned to the courtroom during the jury's deliberation. Trial counsel's performance cannot be deemed ineffective for not seeing what none of us could. Further, when Mr. Wahl's condition did become apparent, his fate in terms of guilt had already been decided, and he did nothing during the penalty phase that would have changed the result.

September 14, 2023, order denying RCr 11.42 motion. Record at 408.

Based upon the totality of the circumstances, we must conclude that attorney Myers performance was reasonable and Wahl has failed to establish that counsel's performance at trial was deficient or otherwise prejudiced Wahl's

-9-

defense. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Wahl's primary argument on appeal relies on RCr 8.06 that there were reasonable grounds to believe that Wahl lacked the competency to stand trial. Other than Wahl's self-serving testimony, there was no evidence presented at the hearing that he had consumed drugs the morning of the trial or immediately prior to his testimony at trial. The only evidence presented to the judge at trial looked to Wahl leaving the courtroom to consume drugs while the jury was deliberating. Importantly, the court's direct observation of Wahl during the trial cannot be understated. And, "[t]he critical issue is not whether counsel made errors but whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." *Haight v. Commonwealth*, 41 S.W.3d 436, 441 (Ky. 2001), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009).

The record on appeal simply does not support the allegations that Myers or other defense counsel were ineffective at trial. The court found the testimony of Myers to be more competent than Wahl's at the hearing. And, none of Wahl's other witnesses shared their concerns with Myers during the trial that Wahl might be under the influence of drugs. Additionally, Wahl's argument that he was prejudiced if the jurors believed he was under the influence of drugs when he testified at trial is without merit. There was no evidence presented that the jury believed he was intoxicated on drugs or that it affected their verdict or the outcome

of the trial. To conclude otherwise would be total speculation. And, "[t]he likelihood of a different result must be substantial, not just conceivable." *Prescott v. Commonwealth*, 572 S.W.3d 913, 921 (Ky. App. 2019) (quoting *Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012)). Furthermore, as noted, the jury did not sentence Wahl to the maximum penalty for his conviction, which refutes any claim of jury prejudice.

Based on the foregoing, we are unable to conclude that the outcome of the trial would have been different absent the alleged deficient performance of Myers. Wahl has failed in his burden to show that the circuit court committed an error in reaching the court's decision to deny the motion. *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008).

For the reasons stated, we affirm the circuit court's orders denying Wahl's RCr 11.42 motion for relief.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robin C. Bennett
Versailles, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Office of the Solicitor General
Frankfort, Kentucky

-11-