RENDERED: OCTOBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-0985-MR

BRANDON LAMONT BAILEY                                           APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 13-CR-00083

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE: Brandon Lamont Bailey appeals from a June 6, 2018, Order of the Fayette Circuit Court that denied his Motion to Vacate, Correct or Set Aside Sentence filed pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. For the reasons stated, we affirm.

The relevant underlying facts were succinctly summarized by our Supreme Court in its opinion affirming Bailey's murder conviction and thirty-year sentence:

> Bailey shot and killed [Anthony] Logan during an argument in the parking lot of an apartment complex. According to Bailey, he shot Logan in self-defense. According to the Commonwealth, Bailey fired the first shot at Logan while Logan's hands were raised in a defensive position. The Commonwealth further contends that when Logan fell to the ground, Bailey stood over him and shot him several more times, execution style.

*Bailey v. Commonwealth*, No. 2015-SC-000191-MR, 2016 WL 6125787, at *1 (Ky. Oct. 20, 2016).

In September 2017, Bailey, *pro se*, filed a lengthy RCr 11.42 motion, raising several claims of ineffective assistance of counsel. The trial court appointed the Department of Public Advocacy (DPA) to represent Bailey in the RCr 11.42 proceedings, and a DPA attorney filed a supplemental RCr 11.42 statement in February 2018. The Commonwealth filed its response in May 2018, and the trial court issued an order denying the RCr 11.42 motion without a hearing on June 6, 2018. This appeal follows.

Bailey raises several arguments on appeal that his counsel was ineffective. To demonstrate ineffective assistance of counsel, a movant must show both deficient performance and prejudice. *Brown v. Commonwealth*,

-2-

253 S.W.3d 490, 498 (Ky. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Deficient performance "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Brown*, 253 S.W.3d at 498 (citation omitted). Courts are "highly deferential" when reviewing counsel's performance so a movant must overcome a presumption that counsel's performance was based upon a reasonable trial strategy. *Id.* at 498-99. To show prejudice, a movant must show "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 499 (citation omitted). In other words, Bailey must show that "counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." *Id.* (quotation marks and citation omitted).

Bailey's first argument is that his court-appointed DPA attorney had a conflict of interest because of her representation of Regina Oxendine, a witness in the case and the sister of the man Bailey killed. At the time of Bailey's trial in February of 2015, Ms. Oxendine was still on diversion from a criminal case in 2010. In that case, Bailey's attorney, Bonnie Potter, represented Ms. Oxendine. Ms. Oxendine was charged with receiving stolen property over $300 and entered into a diversion agreement, receiving a

three-year sentence diverted for five years. Diversion was completed and the case was dismissed on June 1, 2015. Bailey argues that Ms. Potter had a conflict of interest in representing him at trial that she failed to disclose.

In Kentucky, a criminal defendant has a right to conflict-free counsel. *Samuels v. Commonwealth*, 512 S.W.3d 709, 712 (Ky. 2017). An attorney has a conflict if he or she has "inconsistent duties or interests" due to a "real or *seeming* incompatibility between the interests of two of a lawyer's clients[.]" *Beard v. Commonwealth*, 302 S.W.3d 643, 647 (Ky. 2010) (quotation marks and citation omitted).

The standard for determining whether a defendant is entitled to relief due to conflicted counsel depends on when the conflict is raised. If the disclosure occurs at or before trial, a defendant "need only show that a conflict of interest existed" but if, as here, the conflict is first raised post-conviction, a defendant must show "both that a conflict existed and that it prejudiced him—**i.e., that it adversely affected his counsel's performance**—in some cognizable way." *Samuels*, 512 S.W.3d at 712, 713 (emphasis added). Because Bailey raised the alleged conflict for the first time in his RCr 11.42 motion, he must show "some specific defect in . . . counsel's strategy, tactics, or decision making attributable to [the] conflict . . . . Speculative allegations and conclusory statements are not

-4-

sufficient . . . ." *Bartley v. Commonwealth*, 400 S.W.3d 714, 719 (Ky. 2013) (internal quotation marks and citation omitted).

Whether an actual conflict existed in this case is questionable at best. Ms. Oxendine and Bailey's cases were unrelated and there is no indication that counsel had acted on Ms. Oxendine's behalf during the five years that she was on diversion. Bailey cites no legal authority to buttress his conclusory assertion that Ms. Potter "had a continuing duty to represent [Ms. Oxendine] at any additional hearings in the matter, including any hearing on violations of her diversion." Bailey's Brief at 7. Indeed, it is unclear whether Ms. Potter, as opposed to another DPA attorney, would have been appointed to represent Ms. Oxendine in diversion revocation proceedings, had they occurred. There were in fact no diversion proceedings pending in Ms. Oxendine's case at the time of the trial.

The main thrust of the Commonwealth's response is that Bailey has not shown prejudice stemming from counsel's representation of Ms. Oxendine, even assuming there was a conflict. We agree. Ms. Potter cross-examined Ms. Oxendine for almost fifteen minutes at trial and her testimony had no effect on Bailey's self-defense argument. And, there were numerous witnesses who testified about the circumstances surrounding the shooting.

Bailey's arguments lack specificity and fail to establish how the purported conflict affected the outcome of the trial or his counsel's performance therein. Bailey has presented only speculative allegations and conclusory statements insufficient to demonstrate prejudice stemming from counsel's representation of Ms. Oxendine. We also agree with the Commonwealth that this case is readily distinguishable from *Beard*, 302 S.W.3d 643, cited by Bailey. In *Beard*, counsel represented both the defendant and "the prosecution's main witness" who was on probation and whose testimony at the defendant's trial would have impacted an extant motion to revoke his probation. *Beard*, 302 S.W.3d at 648.[1] In fact, the attorney in *Beard* had already been re-appointed to represent the witness during probation revocation proceedings, which the Commonwealth had sought to stay pending the defendant's trial. *Id.* at 644. In our case, there were no pending diversion revocation proceedings. Ms. Oxendine's probationary status was not dependent upon her testimony and Ms. Potter had not been reappointed to represent her. Accordingly, we agree with the

---

[1] In *Beard v. Commonwealth*, 302 S.W.3d 643 (Ky. 2010), the attorney representing the defendant was also actively representing the confidential informant involved in a drug buy with the defendant, albeit in a different case. Due to this incompatibility of interests created by counsel's representation of both clients, the Supreme Court reversed the defendant's conviction and remanded for a new trial.

trial court that counsel's failure to disclose her prior representation of Ms. Oxendine did not rise to the level of ineffective assistance of counsel.

Bailey's next argument is that counsel was ineffective for failing to impeach Nancye Logan, a witness at trial. Logan was the sister of the victim. Bailey argues she should have been impeached by counsel regarding statements she gave to a police detective and the coroner's office which were allegedly inconsistent with her trial testimony regarding whether the victim's hands were raised when he was shot. Bailey asserts Logan's trial testimony was prejudicial to his self-defense argument because the victim "could not have been reaching for a gun if his hands were up[.]" Bailey's Brief at 11.

However, Bailey cites to <u>nothing</u> specific in any of Logan's pretrial statements to show how they were materially different than her trial testimony.[2] "[T]o be entitled to relief under RCr 11.42, the movant must state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds[,]" and

---

[2] Brandon Lamont Bailey refers only to a lament he made to the court during the trial, outside the jury's presence, that Nancye Logan had told the detective and coroner's office that he (Bailey) had grabbed the victim and turned him around prior to the shooting. That statement by Bailey was not given under oath and is only a subjective, nonspecific summary of what Nancye Logan allegedly said in pretrial statements. Indeed, Bailey does not specify whether Nancye Logan's pretrial statements were made under oath. Moreover, there is an even more fundamental problem in that Bailey has not shown how, as a matter of physics and kinesiology, his turning the victim around made it impossible for the victim to raise his hands.

"[c]onclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so warrant a summary dismissal of the motion." *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (quotation marks and citation omitted). We will not laboriously sift through the record to find evidentiary support for Bailey's underdeveloped, conclusory arguments. *See Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019). Bailey has not shown how impeaching Logan would have been sufficiently significant to have impacted the outcome of the trial.

Bailey's third allegation on appeal is that his counsel was ineffective for failing to impeach the Medical Examiner's testimony, including the failure to call as an expert witness for the defense, Dr. Nichols (whose qualifications and area(s) of expertise are not provided by Bailey). Again, Bailey's brief lacks specificity in making this argument and appears to be disjointed at best on this issue. Indeed, his entire argument is as follows:

> Mr. Bailey's trial counsel rendered ineffective assistance of counsel when she failed to impeach the testimony of the Commonwealth Medical Examiner, and to call a medical examiner for the defense. Based upon a report prepared by the investigator in this case, Mr. Bill Clutter, Dr. Nichols, an expert hired by the defense supplied a number of statements to counsel regarding the number of shots fired, Mr. Logan's possible position at the time of the shooting (i.e. surrender

-8-

stance vs. crouching or reaching), the distance from which the shots were fired at Mr. Logan, and if there were "shored exit wounds" indicating the bullet was fired at Mr. Logan and stopped from exiting the body because of a hard surface, such as the ground. T. at 480-484. Dr. Nichols concluded the interview with Mr. Clutter by stating, "You can make a case he's going for the weapon when he gets shot." *Id.* Mr. Bailey stated throughout the preparation for trial and at the trial itself that he wanted to present the testimony of Dr. Nichols in support of his claim of self-defense; however, Dr. Nichols was not called by the defense.

Instead, the only testimony the jury heard came from the Commonwealth's expert who testified that . . . . Had Dr. Nichols testified, there is a reasonable probability that at least one juror would have . . . . Because this claim cannot be refuted from the record, and if true would invalidate Mr. Bailey's conviction, this Court should vacate Mr. Bailey's conviction and remand for a new trial, or, in the alternative, remand for an evidentiary hearing.

Bailey's Brief at 11-12.

Bailey's underdeveloped argument does not identify any additional questions that should have been asked or acts his counsel should have taken to impeach the Medical Examiner's testimony. Bailey also fails to specify which of the "number of statements" expressed by Dr. Nichols would reasonably have impacted the outcome of the proceedings, or how they would have done so. Interestingly, Bailey fails to reference in his brief that a defense investigator sent an email memo to Ms. Potter before trial pointing out several problems with

-9-

Bailey's prior statements to police that the evidence contradicted. The email stated that Dr. Nichols' conclusion that the victim's entry wounds were above his waist "contradicts our client's [Bailey's] statement to police" regarding the victim having his hands in his pants, as if reaching for a gun. Record on appeal at 479. In fact, the defense investigator recommended that the defense team have "a 'come to Jesus' conversation with our client [Bailey] about the problems with his statement." Record on appeal at 479.

In short, Bailey has failed to establish how Dr. Nichols' testimony would have assisted his defense or changed the outcome of the trial. Accordingly, Bailey has not overcome the presumption that counsel's decision to not call Dr. Nichols was reasonable and strategic. *Brown*, 253 S.W.3d at 498-99.

Next, Bailey argues cumulative errors by his counsel entitle him to post-conviction relief. We disagree. Cumulative error is a "limited doctrine" meant to offer relief in the rare circumstances where there are substantial errors which, though harmless, are borderline prejudicial and whose cumulative impact entitles a defendant to relief. *Mayse v. Commonwealth*, 422 S.W.3d 223, 230 (Ky. 2013) (citation omitted). When "individual allegations have no merit, they can have no cumulative value." *McQueen v. Commonwealth*, 721 S.W.2d 694, 701 (Ky. 1986). Bailey's individual allegations have no merit and thus the cumulative error doctrine is inapposite.

Finally, Bailey argues that he was entitled to an evidentiary hearing. Again, we disagree. Vague or speculative claims do not warrant a hearing. *Mills v. Commonwealth*, 170 S.W.3d 310, 330 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). Based on our review of the record on appeal, the substantive issues can be resolved from the face of the record. And, more importantly, Bailey can establish no prejudice as concerns the outcome of the trial from the alleged errors. Though Bailey vehemently disagrees, his "failure to meet the *Strickland* prejudice prong negated the need for an evidentiary hearing." *Haley v. Commonwealth*, 586 S.W.3d 744, 754 (Ky. App. 2019).

For the foregoing reasons, the June 6, 2018, Order of the Fayette Circuit Court denying Brandon Lamont Bailey's RCr 11.42 motion is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Miranda J. Hellman<br>Assistant Public Advocate<br>Department of Public Advocacy<br>Frankfort, Kentucky | Andy Beshear<br>Attorney General of Kentucky<br><br>James Havey<br>Assistant Attorney General<br>Frankfort, Kentucky |