RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1003-MR

MARLOWE VALENTINE                                        APPELLANT

v.            APPEAL FROM MCCRACKEN CIRCUIT COURT
HONORABLE WILLIAM A. KITCHEN, III, JUDGE
ACTION NO. 17-CR-00544-001

COMMONWEALTH OF KENTUCKY                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, JONES, AND MAZE, JUDGES.

GOODWINE, JUDGE: Marlowe Valentine (Valentine), *pro se*, appeals from the McCracken Circuit Court's order denying his motion to vacate his sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 and denying his request for an evidentiary hearing. We affirm.

# I. BACKGROUND

On July 23, 2017, police were called to investigate an incident wherein Valentine stabbed Brandon Jackson (Jackson) multiple times with a knife during an altercation. Record (R.) at 4. Valentine was appointed counsel from the Department of Public Advocacy (DPA) at his preliminary hearing on August 1, 2017, and was continuously represented by the DPA throughout the course of the proceedings. R. at 140. On September 15, 2017, a grand jury returned an indictment charging Valentine with assault in the second degree, a Class C felony, and with being a persistent felony offender (PFO) in the first degree. R. at 1-2.

Valentine's girlfriend, Annie Yeager (Yeager), was also arrested during this incident on charges of tampering with physical evidence and was a co-defendant in the case. R. at 140. On or about May 5, 2018, while incarcerated at the same facility, Valentine and co-defendant Yeager exchanged messages by writing on the walls of the recreation area. R. at 83-87. These messages detail an agreement to fabricate the story that Valentine believed the victim, Jackson, had a gun at the time of the assault. R. at 83-87.

On June 6, 2018, Valentine negotiated a plea agreement with the Commonwealth whereby he pled guilty to assault in the second degree and to being a persistent felony offender (PFO) in the second degree. R. at 92-95. The agreed sentence was for ten (10) years, and the final judgment sentencing

Valentine was entered by the McCracken Circuit Court on June 7, 2018. R. at 100-03.

On October 9, 2019, Valentine filed a motion to vacate under RCr 11.42 seeking to withdraw his guilty plea, set aside his sentence, and hold an evidentiary hearing. R. at 106-17. Valentine claims he received ineffective assistance of counsel, alleging that his trial attorney's choices to not pursue an insanity defense, self defense, or an innocence defense, as well as his alleged misadvice regarding the effect of Valentine's PFO status and failure to discuss the possibility of an appeal with Valentine denied him effective assistance of counsel. R. at 106-17. On December 6, 2019, the McCracken Circuit Court denied Valentine's motion without an evidentiary hearing. R. at 140-47. This appeal followed.

## II. STANDARD OF REVIEW

When the trial court denies a request for an evidentiary hearing attendant with an RCr 11.42 motion, appellate review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted). The factual findings of the trial court are reviewed only for clear error, while the application of legal standards and precedents in the trial court's denial of an RCr 11.42 motion is reviewed *de novo*.

*Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018); *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (internal quotation marks and citations omitted).

### III. ANALYSIS

Valentine has failed to demonstrate that his counsel's performance was deficient or that the alleged errors made by counsel prejudiced the outcome of his sentence. First, we conclude that Valentine has failed to state with specificity how counsel's performance was deficient. Second, we conclude that there is no reasonable probability that the allegations about trial counsel's performance, even if true, prejudiced Valentine's outcome.

A petition for relief under RCr 11.42 must meet the two prongs of analysis under *Strickland v. Washington*: (1) performance, and (2) prejudice. 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[1] Under *Strickland*, "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and "[s]econd, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the

---

[1] *Strickland* is the controlling United States Supreme Court case law on the issue of ineffective assistance of counsel and, in *Gall v. Commonwealth*, the Supreme Court of Kentucky adopted the *Strickland* standard. 702 S.W.2d 37 (Ky. 1985).

-4-

defendant of a fair trial, a trial whose result is reliable." *Id*. at 687, 104 S. Ct. at 2064. Stated simply, the defendant must prove both that counsel erred, and that counsel's deficiency prejudiced his case; otherwise, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

The first prong of the *Strickland* standard is proving that counsel was deficient. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065 (internal quotation marks and citation omitted). As further stated in *Strickland*, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066.

As for the second prong of the *Strickland* standard, the defendant must "affirmatively prove prejudice." *Id*. at 693, 104 S. Ct. at 2067. In the context of a guilty plea, RCr 11.42 requires that a movant allege specific facts that would render the plea involuntary under the Fourteenth Amendment's Due Process Clause and would render the guilty plea invalid under the Sixth Amendment to rise

to the level of ineffective assistance of counsel. *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001).

"A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been *rational*[.]" *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (citations and footnote omitted) (emphasis added). "The likelihood of a different result must be *substantial*, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011) (emphasis added).

Turning to Valentine's arguments, he first asserts that his counsel was ineffective for failing to assert certain defenses, specifically insanity, self defense, and actual innocence. As for his allegations of insanity, Valentine states numerous times in his brief that he is mentally ill; however, he was found to be competent to stand trial on March 26, 2018, after a competency hearing.[2] R. at 65-66.

---

[2] Valentine additionally alleges that his competency determination was "erroneous" based on the standard of evaluation used. Appellant's Brief at 5-6, 9. At the competency hearing, the court considered the testimony of Dr. Tim Allen of Kentucky Correctional Psychiatric Center (KCPC) and the report prepared by him. This report states that Valentine "demonstrated no evidence of intellectual deficit in his ability to follow rules, care for himself, and communicate." Psych Eval. at 4. Further, the report stated that Valentine gave "suboptimal effort" on his psychological testing, and that Allen's opinion was that he had the "capacity to appreciate the nature and consequences of the proceedings . . . ." Psych Eval. at 4, 8. Thus, we cannot conclude that there was any error in the competency determination.

-6-

Valentine's trial counsel requested the competency hearing in a September 22, 2017 motion for a psychological examination. R. at 27. The motion states, "This motion comes pursuant to a notice of Defendant's possible intention to rely on a defense of mental disease or defect as prescribed in Kentucky Revised Statutes (KRS) 504.070." R. at 27. Valentine's counsel continued to investigate this defense at an evidentiary hearing on March 22, 2018, where he competently argued on Valentine's behalf. R. at 144.

Furthermore, the trial court order denying Valentine's RCr 11.42 motion states: "[Trial counsel] made arguments [regarding Valentine's competency] at the hearing . . . calling witnesses and clearly and competently arguing for the Defendant. Moreover, [trial counsel's] advocacy during those hearings displayed a thorough awareness of the Defendant's criminal, mental, and personal history relevant to this case." R. at 144. As such, it is clear that Valentine's counsel *did* investigate insanity as a defense, and this Court cannot say that trial counsel was ineffective.[3]

Valentine also alleges that he acted in self defense, stating that he believes this defense could have lowered his charges. Appellant's Brief at 6-7. In

_____

[3] Valentine's key citation to *Davis v. Alabama* in support of his allegation of counsel's failure to investigate his insanity defense is not applicable to this situation, as Valentine's counsel requested a competency hearing in which he was found to be competent. *Davis v. Alabama*, 596 F.2d 1214 (5th Cir. 1979), *vacated by Alabama v. Davis*, 446 U.S. 903, 100 S. Ct. 1827, 64 L. Ed. 2d 256 (1980). Furthermore, the Firth Circuit's opinion in *Davis* is not binding precedent as to Kentucky Courts.

support of his self-defense claim, Valentine claims that he believed that the victim had a gun in his vehicle. Appellant's Brief at 6. He further claims to attach a picture of the "brick hammer" to his brief, though no such photo is attached. Appellant's Brief at 6. However, the record clearly shows that on May 5, 2018, Valentine and Yeager, who were incarcerated at the same facility, "exchanged messages in a recreation area detailing their intent to fabricate a story about the victim's possession of a gun at the time of the assault." R. at 144. These messages stated the following: "Buttercup I go to trial July 30 now I have to prove he had a Gun. Love you – I'll be there [] they want me to testify but Im Not[.] Testify for me say he had a gun okay baby[.]" R. at 87. The trial court found on the face of the record, that in light of Valentine's attempted perjury by fabricating a claim of self defense, his trial counsel appears to have given him reasonable advice regarding his guilty plea and trial counsel was not ineffective. We find no error.

Valentine also briefly claims temporary insanity based on voluntary intoxication, and states that he believes this defense could have also lowered his charges. He argues that there was "voluminous extrinsic testimonial evidence" to support his insanity claim that his attorney did not investigate, but gives no other facts to support this assertion. Appellant's Brief at 5-6. We will not search the record to find support for Valentine's underdeveloped arguments: "It is not our function as an appellate court to research and construct a party's legal

arguments[.]" *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005); *see also Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019); *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) (holding that this Court "confine[s] itself to errors pointed out in the briefs and will not search the record for errors."). As such, we conclude that the trial court's determination that counsel's failure to investigate a defense based on voluntary intoxication was not in error.

Next, Valentine contends that he was innocent of assault under KRS 503.050, which states, "The use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person." Valentine claims "actual innocence" based on a self-defense justification, but he never alleges that he did not commit the act in question. Valentine is confusing innocence of the offense with his claimed self-defense justification. The police citation from the incident states, "During an investigation into an assault, it was determined the above individual stabbed Brandon Jackson multiple times during an argument. Witnesses state they observed the above individual in possession of the knife after the altercation, and he stated, '*I have done something bad.*'" R. at 4 (emphasis added). Furthermore, Valentine pled guilty to the assault on June 6, 2018. R. at 100. In Kentucky, "the effect of a

-9-

guilty plea is to waive all defenses . . . ." *Quarles v. Commonwealth*, 456 S.W.2d 693, 694 (Ky. 1970). Therefore, Valentine's trial counsel was not ineffective for failing to pursue innocence as a defense.

Valentine further argues that his guilty plea was involuntary based on (1) his counsel's alleged misrepresentation of a potential PFO enhancement, and (2) his alleged inability to voluntarily enter a guilty plea due to his mental illness. Valentine first argues that counsel was deficient for failure to discuss the effect of a PFO status enhancement with him. To reiterate, ineffective assistance of counsel claims concerning guilty pleas are evaluated "not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970).

Valentine fails to specify how counsel misadvised him in this respect. However, the record shows that Valentine has previously been convicted of first-degree manslaughter and sentenced to ten (10) years' imprisonment, as well as second-degree escape, for which he was sentenced to five (5) years. R. at 145. As noted by the trial court, these prior felony offenses occurred after Valentine was eighteen (18) years of age or older, and the final discharge of those sentences occurred within five (5) years of the assault offense at issue here. R. at 145. This

satisfies the conditions for status as a first-degree persistent felony offender. *See* KRS 532.080(3). Valentine then received the minimum sentence for assault in the second degree with a PFO enhancement. KRS 532.080(6)(b).

Valentine next claims that his guilty plea was invalid because he did not knowingly waive his rights due to his mental illness. This allegation is clearly refuted by the record. As previously stated, Valentine was proven to be competent to stand trial. R. at 65-66, 144. Furthermore, on June 6, 2018, Valentine demonstrated to the trial court that he understood the *Boykin*[4] colloquy, the plea agreement, the rights he was waiving by pleading guilty, the nature of the charges against him, and that his entry of the guilty plea was knowing and voluntary. R. at 146. Furthermore, the trial court stated that "Defendant expressed satisfaction with his counsel's performance at that time and acknowledged his counsel's awareness of all the facts of the case." R. at 146. For these reasons, we conclude that Valentine's entry of the plea agreement was knowing and voluntary.

Valentine's next argument as to ineffective assistance of counsel is that his trial counsel was ineffective for failing to inform him that he could appeal the trial court's competency determination. He claims that *Garza v. Idaho* allows defendants to appeal rights initially waived by entry of a guilty plea; however, *Garza* is legally and factually different from Valentine's case because it involved

---

[4] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

-11-

an ineffective assistance of counsel claim based on trial counsel's disregard of the defendant's specific instructions. ___ U.S. ___, 139 S. Ct. 738, 203 L. Ed. 2d 77 (2019). In *Garza*, unlike in Valentine's case, trial counsel failed to file a notice of appeal "in light of [the defendant's] clear requests." *Id*. at 746.

Valentine's signed guilty plea states: "I further understand that the Constitution guarantees to me the following rights: . . . (e) The right to appeal my case to a higher court." R. at 94. Valentine was informed and understood his plea agreement, which included his understanding that he was waiving his right to appeal. Valentine's knowing waiver of his right to appeal shows that he was undoubtedly aware that he had the right to appeal prior to his guilty plea. Even so, Valentine himself quotes *Grigsby v. Commonwealth*, which says, "Although Appellant may have had [the right to appeal], the fact that it was not separately enumerated to him does not render the plea invalid, because *Boykin* does not require separate enumeration of each right waived." 302 S.W.3d 52, 56 (Ky. 2010) (internal quotation marks and citations omitted). Thus, even if Valentine's plea agreement had no mention of his right to appeal, his plea was not invalid. Valentine clearly knew of his right to appeal and that he was waiving it, and as such, his argument is refuted by the record.

Finally, Valentine argues that he was entitled to an evidentiary hearing. *Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993). An

evidentiary hearing is only required on an RCr 11.42 motion "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser*, 59 S.W.3d at 452 (citations omitted). As indicated above, all issues in this appeal can be conclusively decided based on the record and no material issues of fact exist. Therefore, we conclude that there is no error in the trial court's decision to not have an evidentiary hearing in this case.

Valentine has neither stated with specificity how or that he was prejudiced by any particular deficient performance of counsel. There is no reasonable probability that but for any of the alleged errors, Valentine would have insisted on going to trial instead of pleading guilty and receiving the minimum sentence. We therefore conclude that Valentine is not entitled to RCr 11.42 relief.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the McCracken Circuit Court's order denying Valentine's RCr 11.42 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Marlowe Valentine, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky